**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3625

_____

UNITED STATES OF AMERICA

v.

PHILLIP HILL,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-10-cr-00709-001)
District Judge:  Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 23, 2013

_____

Before:  CHAGARES, VANASKIE, and SHWARTZ, Circuit Judges.

(Opinion Filed:  October 2, 2013)

_____

OPINION

_____

CHAGARES, Circuit Judge.

A jury found appellant Phillip Hill guilty of two counts of robbery in violation of

18 U.S.C. § 1951(a) and two counts of using and carrying a firearm during and in relation

to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Hill challenges only one of his convictions for using and carrying a firearm during and in relation to a crime of violence. He argues that the Government failed to introduce sufficient evidence to support that conviction. For the reasons explained below, we will affirm.

I.

We write primarily for the benefit of the parties, and so will confine our discussion to the facts that are necessary to our disposition.

The challenged conviction of using and carrying a firearm during and in relation to a crime of violence arose from the robbery of a MetroPCS store in Philadelphia, Pennsylvania. Andrew Bag, co-owner of the store, testified at trial that two men entered the store on August 25, 2010 at about five o'clock in the evening and walked towards the counter he was standing behind. When the men reached the counter, the first man, who remained unidentified at trial, pointed a gun at Bag and ordered him to open the register. At this point, Bag realized that the store was being robbed and he began to take money out of the register to give to the unidentified man.

The first man then instructed the second man, who Bag later identified as Hill, "to jump over the counter and grab the rest of the money." Appendix ("App.") 52. Hill complied. After taking the remaining money from the register, Hill jumped back over the counter and the two men left the store.

When asked, Bag agreed that it was the first man who brought the gun used in the robbery into the store and that the same man held the weapon during the incident. He further agreed that the weapon had never been passed between the first perpetrator and

2

Hill. A recording from the store's video surveillance system was also shown to the jury and that recording supported Bag's account. The footage depicted one man brandishing a firearm and a second man, the man Bag identified as Hill, jumping over the counter to retrieve money from the register. Nowhere in the footage was there any indication that Hill had physical possession of the firearm during the robbery.

Bag testified that after Hill and his companion had departed, he called the police to report the robbery. Upon the officers' arrival, Bag described what had happened and informed the officers of the store's video surveillance system. Officer Brinson, one of the responding officers, testified that after learning about the system, he immediately viewed the security footage from the time of the robbery to obtain a clearer understanding of what had occurred. He noticed that the second man to enter the store had placed his hands on the counter when he jumped over it and perhaps left fingerprints behind. Testimony from the detective assigned to the case, the finger-print-trained officer who processed the crime scene, and the lab technician who processed the recovered fingerprints explained that the fingerprints found on the MetroPCS counter were identified as belonging to Hill.

Hill was indicted on four counts, two relating to the MetroPCS robbery and two relating to a separate robbery, and the case eventually went to trial. Hill moved for a judgment of acquittal at the close of the Government's case, but the District Court denied the motion. After three days of proceedings, the jury found him guilty on all four counts. The District Court sentenced him to 461 months of incarceration and five years of supervised release. Hill appeals only his conviction for using and carrying a firearm

3

during and in relation to a crime of violence relating to the MetroPCS store robbery, contending that the evidence presented at trial was insufficient. This conviction accounts for 300 months of Hill's term of imprisonment. He does not otherwise challenge his convictions or sentence.

## II.[1]

"Sufficiency of the evidence is a question of law, subject to plenary review." United States v. Moyer, 674 F.3d 192, 206 (3d Cir. 2012). A defendant claiming insufficient evidence bears a heavy burden; this Court will overturn a verdict "only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt." United States v. Riley, 621 F.3d 312, 329 (3d Cir. 2010) (quotation marks omitted). In carrying out this inquiry, we afford deference to the jury's verdict and view the evidence in the light most favorable to the Government. Id. Ultimately, a verdict "must be upheld as long as it does not fall below the threshold of bare rationality." United States v. Caraballo-Rodriguez, No. 11-3768, --- F.3d ----, 2013 WL 4017157, at *12 (3d Cir. Aug. 8, 2013) (en banc) (quotation marks omitted).

Hill argues that the Government failed to show that he had possession of the gun during the robbery. The Government, however, based its charge against Hill on a theory of accomplice liability. See 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over the appeal under 28 U.S.C. § 1291.

4

punishable as a principal."). To satisfy this theory, the Government only needed to show that (1) Hill's co-perpetrator committed the substantive offense of using and carrying a firearm during and in relation to a crime of violence and (2) Hill knew of the commission of the substantive offense and acted to facilitate it. See United States v. Mercado, 610 F.3d 841, 846 (3d Cir. 2010).

Section 924(c) prohibits the use or carrying of a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c) (providing that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall" be subject to an additional sentence depending on the specific facts of the underlying crime). Bag's testimony and the video surveillance footage were clearly sufficient to show that Hill's companion carried and made use of a firearm during and in relation to the MetroPCS robbery when he entered the store, brandished the weapon at Bag, and demanded that Bag open the register. United States v. Price, 76 F.3d 526, 528 (3d Cir. 1996) (holding that "'use' certainly includes brandishing . . . a firearm" (quotation marks omitted)).

Moreover, the jury could have permissibly inferred from the same evidence that Hill knew that a firearm was being used because he could see the gun pointed at Bag and facilitated the use of the firearm when he followed his partner's instructions to jump over the counter to take money out of the register while his partner kept the gun trained on Bag. See id. at 530 (noting that the evidence supporting the defendant's conviction under § 924(c) on an aiding and abetting conviction was "overwhelming" where "the use of the gun did not occur in one instant; rather, according to the evidence, [a partner] pointed the

5

gun while [the defendant] gathered the money"). It is of no importance whether Hill was aware that a firearm would be used before he entered the store because the jury could have permissibly concluded that Hill "was aware that the gun was being used while he continued to participate in the robbery." Id. Accordingly, there was sufficient evidence to support Hill's conviction on an aiding and abetting theory, and the Government did not need to prove that Hill himself ever held, used, or possessed the firearm. Hill's argument on appeal is thus unconvincing and we will affirm.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.